J. Stanley Hill, Counsel Reno County Education Cooperative Suite 802, First National Center P.O. Box 2027 Hutchinson, Kansas 67504-2027
Dear Mr. Hill:
As legal counsel for the Reno County Education Cooperative, you request our opinion regarding whether the Cooperative may charge a fee for conducting educational needs assessments and preparing reports ordered by the district court pursuant to K.S.A. 38-1514
or 38-1662.
In order to assist the court in determining the proper placement of a child under the Kansas Code for Care of Children, K.S.A. 38-1501 et seq., or the Kansas Juvenile Offenders Code, K.S.A. 38-1601 et seq., the court may order that certain evaluations or assessments of the child and the child's parent or custodian be conducted.
Pursuant to K.S.A. 38-1514:
 "(3) Educational. The court may order the chief administrative officer of the school which the child attends or attended to provide the court information that is readily available which the school officials believe would properly indicate the educational needs of the child. The order may direct that the school conduct an educational needs assessment of the child and send a report of the assessment to the court. The educational needs assessment may include a meeting involving any of the following: The child's parents, the child's teachers, the school psychologist, a school special services representative, a representative of the secretary [of social and rehabilitation services], the child's C.A.S.A., the child's foster parents or legal guardian, a court services officer, and other persons that the chief administrative officer of the school or the officer's designee considers appropriate."
Similar language is set forth in K.S.A. 38-1662. [K.S.A. 38-1662 was amended as part of the Juvenile Justice Reform Act of 1996, effective on or after July 1, 1997. See L. 1996, ch. 229, § 80. The amendment does not affect the conclusion expressed herein.]
Pursuant to K.S.A. 72-968, the boards of education of two or more school districts may enter into an agreement providing for cooperative operation and administration in providing special education services for exceptional children on a shared-cost basis. The boards, however, may not through such an agreement enlarge the authority or power granted the boards by the Legislature. SeeNEA-Wichita v. U.S.D. No. 259, 234 Kan. 512, 517
(1983). Therefore, in determining whether an education cooperative established pursuant to K.S.A. 72-968 may charge a fee for conducting educational needs assessments and preparing reports ordered by the district court pursuant to K.S.A. 38-1514 and 38-1662, we must review the provisions of the Kansas Code for Care of Children and the Kansas Juvenile Offenders Code, as well as the authority conferred upon a school district under chapter 72 of the Kansas Statutes Annotated.
K.S.A. 38-1514 recognizes the authority of the court to order evaluations regarding the psychological or emotional development and needs, the medical condition and needs, and the educational needs of a child. Only the subsection regarding the evaluation of the psychological or emotional development or needs of the child includes a provision regarding the manner in which certain costs incurred in providing the evaluation should be paid.
 "The expenses of transportation to and from the state facility may be paid as a part of the expenses of temporary care or custody. The child may be referred to a mental health center or qualified professional for evaluation and the expenses of the evaluation may be considered as expenses of the proceedings and assessed as provided in this code. . . . [A] parent of the child shall have the right to obtain an independent evaluation at the expense of the parent." K.S.A. 38-1514.
The statute is silent regarding any other costs incurred in providing the evaluations.
Other provisions of the Kansas Code for Care of Children address the obligation of payment of expenses incurred in any proceeding under the Code, and allow for reimbursement of a governing entity when such expenses were paid by the governing entity. See K.S.A. 1996 Supp. 38-1505 (fees of guardian ad litem and appointed attorney may be assessed as expense of proceeding pursuant to K.S.A. 1996 Supp. 38-1511); 38-1511 (expenses for proceedings, including fees and mileage of witnesses and fees and expenses of appointed attorney are to be paid from county's general fund; county's general fund may be reimbursed by a party against whom costs have been assessed); K.S.A. 38-1512 (expense of care and custody of child paid from county's general fund; paid from State social welfare fund if child in SRS custody; county's general fund may be reimbursed by person liable for maintenance, care, and support of child); 38-1537 (witness fees and mileage); 38-1593 (appeals; fees of guardian ad litem and appointed attorney and costs for transcripts and record taxed as expenses on appeal; court may assess expenses against interested party or county's general fund; county's general fund may be reimbursed by party). None of the provisions expressly provide for reimbursement of a unified school district for any expenses it may have incurred in conducting the evaluation of the educational needs of the child.
Similarly, the Kansas Juvenile Offenders Code recognizes the court's authority to order evaluations regarding the psychological or emotional development and needs, the medical condition and needs, and the educational needs of a juvenile offender. K.S.A. 38-1662. Like K.S.A. 38-1514, K.S.A. 38-1662 addresses payment of certain expenses incurred in conducting the evaluation of the psychological or emotional development and needs of the juvenile offender, but does not address payment of costs associated with conducting other types of evaluations. Other provisions of the Kansas Juvenile Offenders Code address the obligation of payment of expenses incurred in any proceeding under the Code and allow for reimbursement of a governing entity when such expenses were paid by the governing entity. See K.S.A.38-1606 (expenses of appointed attorney may be assessed against juvenile or parent as expenses of the case; fees of appointed attorney assessed as expense of proceeding as provided in K.S.A. 1996 Supp. 38-1613); K.S.A. 1996 Supp. 38-1613 (expenses of proceeding, including witness fees and mileage and attorney fees, paid from county's general fund); 38-1616 (expense of care and custody of juvenile offender paid from county's general fund; paid from State social welfare fund if juvenile in SRS custody; county's general fund may be reimbursed by person liable for maintenance, care, and support of juvenile); 38-1663 (fees of appointed attorney assessed pursuant to K.S.A. 38-1606; costs of counseling or mediation assessed as expenses in the case); K.S.A. 38-1685
(appeals; fees of appointed attorney and costs for transcripts and record taxed as expenses on appeal; court may assess expenses against appealing party or county's general fund; county's general fund may be reimbursed by party). As is the situation in the Kansas Code for Care of Children, none of the provisions of the Kansas Juvenile Offenders Code expressly provide for reimbursement of a unified school district for any expenses it may have incurred in conducting the evaluation of the educational needs of the juvenile offender.
Because no provisions within the Kansas Code for Care of Children and the Kansas Juvenile Offenders Code expressly provide for reimbursement of a unified school district for expenses incurred in conducting evaluations ordered by the court, such costs must be borne by the school district unless such costs are deemed to be an expense of the proceeding. Upon reviewing the legislative history of K.S.A. 38-1514 and 38-1662, we believe such costs are not considered an expense of the proceeding.
As originally enacted in 1982, K.S.A. 38-1514 and 38-1662
provided the court could "request the chief administrative officer of the school . . . provide to the court information that is readily available which the school officials feel would properly indicate the educational needs" of the child or juvenile offender. The statutes also provided that, "[i]f the resources of the school permit, the school may conduct an educational needs assessment" of the child or juvenile offender. L. 1982, ch. 182, §§ 14, 101. In 1990, the Legislature recognized the authority of the court to "order" the chief administrative officer of the school to provide readily available information and, if the resources of the school permitted, to conduct an educational needs assessment. L. 1990, ch. 147, §§ 2, 9. In 1991, the Legislature removed the phrase "if the resources of the school permit" from both K.S.A. 38-1514 and 38-1662, without providing an alternative source for payment of expenses incurred in conducting an educational needs assessment. L. 1991, ch. 113, §§ 1, 2. It was the intent of the Legislature at the time it recognized the authority of the court to request an educational needs assessment of a child or juvenile offender that costs incurred in conducting the educational needs assessment be borne by the school district. Amendments of the statutes have removed the discretion of the school to conduct such an assessment without altering the obligation of the school district to incur the costs of conducting an educational needs assessment. Such expenses are not an expense of the proceeding and, therefore, are to be borne by the school district.
School districts are creations of the Legislature, having only such powers as conferred upon them by statute, specifically or by clear implication, and any reasonable doubt as to the existence of such power should be resolved against its existence. Hobart v.U.S.D. No. 309, 230 Kan. 375, 383 (1981); seeNEA-Wichita, 234 Kan. at 512, syl. ¶ 2; Miller v.U.S.D. No. 470, 12 Kan. App. 2d 368, 372 (1987). Whether a school district may charge a fee for services it provides must be established by state law. The Legislature has authorized a school district to assess fees for designated supplies and programs. See K.S.A. 1996 Supp. 72-5390 (supplemental items); 72-8236 (child care); 72-8237 (summer programs); 72-8238 (extraordinary school programs); 72-8316 (use of school buses). However, we are unable to locate any statutory provision which specifically or by clear implication authorizes a school district to assess a fee for costs incurred by the school district in conducting an educational needs assessment as ordered by the court pursuant to K.S.A.38-1514 or 38-1662. Under such circumstances, it is our opinion a school district may not charge a fee for costs incurred in conducting an educational needs assessment as ordered by the court pursuant to K.S.A. 38-1514 or38-1662.
As noted previously, school districts may not through an agreement enlarge the authority or power granted the boards by the Legislature. Because a school district may not charge a fee for costs incurred by the school district in conducting an educational needs assessment ordered by the court pursuant to K.S.A. 38-1514 or 38-1662, an education cooperative created pursuant to K.S.A. 72-968
lacks authority to charge a fee for conducting such evaluations. Therefore, neither a school district nor an education cooperative created pursuant to K.S.A. 72-968
may charge a fee for costs incurred by the school district or education cooperative in conducting an educational needs assessment ordered by the court pursuant to K.S.A. 38-1514 or 38-1662.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm